**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TURTLE WAX, INC. and<br>TURTLE WAX LIMITED,<br><br>       Plaintiffs,<br><br>       v.<br><br>ZYMOL ENTERPRISES, INC.<br>and CHARLES BENNETT,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 04 C 2086<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Before the court are four motions.  For the reasons explained below, (1) Turtle Wax, Inc.'s motion to dismiss Count XIV of the Counterclaims is granted; (2) Turtle Wax, Inc.'s motion to dismiss Count XIII of the Counterclaims for lack of subject matter jurisdiction is granted; (3) plaintiffs' motion for judgment on the pleadings as to Count XI of the Counterclaims is granted; and (4) plaintiffs' motion to set a briefing schedule on dispositive motions is denied.

**BACKGROUND**

Plaintiffs Turtle Wax, Inc. ("Turtle Wax"), an Illinois corporation, and Turtle Wax Limited ("TWL"), an English company, bring this suit against Zymol Enterprises, Inc. ("Zymol"), a Connecticut corporation, and Charles Bennett, Zymol's president. Defendants filed multiple counterclaims.  The parties' claims arise

out of License Agreements and Consulting Agreements they entered into.[1]  A detailed recital of the underlying facts is unnecessary at this stage of the proceedings; the relevant allegations will be set forth in our discussion _infra_.

Plaintiffs/counter-defendants have filed motions regarding three of defendants'/counter-plaintiffs' counterclaims.  Turtle Wax moves to dismiss Count XIV (state-law conversion) pursuant to Rule 12(b)(6) and to dismiss Count XIII (copyright infringement) pursuant to Rule 12(b)(1).  Turtle Wax and TWL also move for judgment on the pleadings as to Count XI (seeking an accounting). In addition, Turtle Wax and TWL move for a briefing schedule to be set on a potential motion for partial summary judgment.

## DISCUSSION

### A.  Count XIV (Conversion)

In Count XIV of the counterclaims, Zymol and Bennett allege that "Turtle Wax willfully and wantonly concealed from Zymol and Bennett the existence of its sales of Zymol products in the People's Republic of China with the intent that Zymol would rely upon the absence of information on such sales and not make inquiry about Turtle Wax's breach of the Turtle Wax License Agreement."

---

[1]  Pursuant to the License Agreements, Turtle Wax and TWL were given exclusive rights to manufacture, market, distribute, and sell certain products, in certain channels of trade, that used the ZYMOL trademark. Turtle Wax and TWL agreed to pay Zymol a royalty based on net sales of the Zymol-branded products, and under the terms of the Consulting Agreements, to pay Bennett a percentage of net sales of Zymol-branded products as a consulting fee.  (Amended Complaint, ¶¶ 11-12.)

(Counterclaims ¶ 121.)  Furthermore, it is alleged that "[a]ny profit earned by Turtle Wax through internet sales is the property of Zymol and Turtle Wax has failed and refused to make payment to Zymol despite the continuing requirement that it do so under the terms of the Turtle Wax License Agreement."  (Id. ¶ 122.) According to Zymol and Bennett, as a result of Turtle Wax's "concealment of its sales" on the Chinese Web site and its "failure to pay over to Zymol the profits from those sales," Turtle Wax "converted" those profits and Zymol suffered damages. (Id. ¶ 123.)

Turtle Wax argues that it is black-letter law in Illinois that a claim for conversion lies only for specific chattels wrongfully converted and not for the mere obligation to pay money, citing In re Thebus, 483 N.E.2d 1258, 1261 (Ill. 1985).  In Thebus, the Illinois Supreme Court stated:

> [T]he subject of conversion is required to be an identifiable object of property of which the plaintiff was wrongfully deprived. Money may be the subject of conversion, but it must be capable of being described as a specific chattel, although it is not necessary for purposes of identification that money should be specifically earmarked. However, an action for the conversion of funds may not be maintained to satisfy a mere obligation to pay money.

483 N.E.2d at 1260.  An action for conversion of money, then, may be maintained where "the converted funds are capable of being described, identified, or segregated in a specific manner." Bill Marek's The Competitive Edge, Inc. v. Mickelson Group, Inc., 806

N.E.2d 280, 285 (Ill. App. Ct. 2004).[2]  "[A] claim of right to an indeterminate sum of money sounds in debt rather than in conversion."  3Com Corp. v. Electronic Recovery Specialists, Inc., 104 F. Supp. 2d 932, 940 (N.D. Ill. 2000) (applying Illinois law).

Here, Zymol and Bennett have simply alleged that pursuant to the License Agreement, Turtle Wax owes them a debt--the profits from sales on the Chinese Web site.  They do not allege that they have a right to a specific, identifiable amount of money. Accordingly, they fail to state a claim for conversion under Illinois law, and Count XIV of the counterclaims will be dismissed with prejudice.

**B.   Count XIII (Copyright Infringement)**

In Count XIII of the counterclaims, Zymol alleges that Turtle Wax infringed on its copyright in its "copyrighted materials." Paragraph 56 of the counterclaims describes those materials as follows: "Zymol's internet website, Zymol.com, contains *inter alia*, an article and accompanying images about the founding of Zymol and the development of its products.  Said article and said images were copyrightable under the laws of the United States and were clearly marked as being copyrighted."

Turtle Wax contends that we lack jurisdiction over the copyright claim because Zymol fails to allege that it has acquired

---

[2]/  Contrary to Zymol and Bennett's representation of the Marek decision, it does not expand upon Thebus.  It merely re-states the same general principles of the tort of conversion under Illinois law.

a registration of copyright for its article and images.  Zymol has failed to respond to Turtle Wax's motion to dismiss.

Copyright registration is a precondition to a suit for copyright infringement.  See Pickett v. Prince, 207 F.3d 402, 404 (7th Cir. 2000).  Because Zymol has failed to allege copyright registration, we are without subject matter jurisdiction, and Count XIII of the counterclaims will be dismissed pursuant to Rule 12(b)(1).

## C.  Count XI (Accounting)

In Count XI of the counterclaims, Zymol and Bennett seek an accounting.  It is alleged that pursuant to the License Agreements, Turtle Wax and TWL were required to collect royalties and commissions due to Zymol and consulting fees due to Bennett and to render true accountings of those royalties, fees, and commissions.  According to Zymol and Bennett, the License Agreements and Consulting Agreements created fiduciary relationships "in which Turtle Wax and TWL acted as fiduciaries" for Zymol and Bennett with respect to the royalties, fees, and commissions. (Counterclaims ¶¶ 108, 110.)  Zymol and Bennett allege that Turtle Wax and TWL have failed to give them true accountings and failed to pay the royalties and fees that are owing and that "[t]here is no adequate remedy at law as the complexity of the accounts is such that it is too complicated to be reasonably understood by the trier of fact." (Id. ¶ 115.)

Turtle Wax and TWL move for judgment on the pleadings as to Count XI. They assert that judgment in their favor on the claim for an accounting is appropriate because Zymol and Bennett contradict the allegation that they are without an adequate legal remedy by simultaneously asserting breach of contract claims. Turtle Wax and TWL also maintain that they do not owe a fiduciary duty to Zymol and Bennett under the contracts at issue.

"To sustain an action for accounting in equity, the complaint must allege the absence of an adequate remedy at law and one of the following: (1) a breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." Mann v. Kemper Fin. Cos., 618 N.E.2d 317, 327 (Ill. App. Ct. 1992). Count XI alleges the absence of an adequate remedy at law and the breach of fiduciary relationships among the parties.[3]

We need not address the argument regarding the existence of an adequate legal remedy because the fiduciary-duty argument is dispositive. Under Illinois law, parties to a contract are not each other's fiduciaries. See Mid-West Energy Consultants, Inc. v. Covenant Home, Inc., 815 N.E.2d 911, 915 (Ill. App. Ct. 2004). Fiduciary relationships may arise out of other factual situations, but the allegation here is merely that the contracts themselves

---

[3] Although Count XI does allege that Turtle Wax and TWL's accounts were very complex, it fails to allege that those accounts were mutual accounts as required by Illinois law.

created fiduciary relationships. Moreover, the other facts alleged in the complaint do not support any inference that a fiduciary relationship between Turtle Wax/TWL and Zymol/Bennett existed. Therefore, Turtle Wax and TWL's motion for judgment on the pleadings as to Count XI of the counterclaims will be granted.

We note that this disposition of Count XI should not affect the discovery proceedings regarding Zymol and Bennett's remaining claims, such as the breach of contract claims. All of the accounting information that was discoverable in relation to Count XI remains discoverable in relation to the breach of contract claims. (In other words, the accounting claim was superfluous.)

## D.   **Motion to Set a Briefing Schedule**

Some months ago, Turtle Wax and TWL filed a "motion to set a briefing schedule on dispositive motions." They indicated that they intend to file a motion for partial summary judgment on "a limited number of discrete issues in the case," which would, if granted, substantially streamline the case. We took the motion under advisement, and the dates in the schedule proposed by plaintiffs came and went. In that sense, the motion is moot. But more importantly, since the motion was filed, the parties have been embroiled in various discovery disputes over which Magistrate Judge Denlow has presided. In view of the fact that discovery is ongoing, a motion for summary judgment would be premature at this

juncture. Therefore, plaintiffs' motion to set a briefing schedule on dispositive motions is denied.

## **CONCLUSION**

Turtle Wax, Inc.'s motions to dismiss Counts XIII and XIV of the Counterclaims are granted. Plaintiffs' motion for judgment on the pleadings as to Count XI of the Counterclaims is granted. Plaintiffs' motion to set a briefing schedule on dispositive motions is denied.

DATE:          February 13, 2006

ENTER:    _____

John F. Grady, United States District Judge